### C. C. BROWN, ET AL. *v.* E. McCONN, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—362.]

**Reformation of a Deed.**

>   Where a person buys real estate and directs that it be conveyed to his wife and the writer of the deed by mistake so writes it that a life estate only is conveyed to her and the fee simple is conveyed to his minor children and they have paid nothing for it such deed may be reformed at the suit of the purchaser.

APPEAL FROM WASHINGTON CIRCUIT COURT.

November 29, 1884.

OPINION BY JUDGE LEWIS:

This is an action in equity by C. C. Brown and his wife, Laura M. Brown against his four infant children, one of them being by his first and the others by his present wife to reform a deed for a

certain house and lot in Bardstown executed November 8, 1880, by Elizabeth McConn.

The property was purchased and the entire consideration paid by C. C. Brown and it is shown conclusively by the evidence that he desired and intended the vendor to convey the fee-simple title thereof to his wife, Laura M., and believed it had been done until some time after the deed was admitted to record, when he discovered only a life estate had been conveyed to her the remainder being by the terms of the deed conveyed to his children.

The instrument was written by the attorney of C. C. Brown without his presence, and by mistake a life estate instead of the absolute fee was conveyed to Laura M. Brown.

Inasmuch as the defendants, children of C. C. Brown, paid no part of the consideration, and whatever interest they acquired under the deed, was conveyed to them by mistake and contrary to the intention of their father, the purchaser, the Chancellor had the power to reform the deed as was done by the judgment appealed from, so as to correct the mistake and make it correspond with his wish and intention.

Judgment *affirmed.*

*C. T. Atkinson, for appellants.*
*John A. Fulton, for appellees.*